# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:14CV322-MR-DSC

| | |
|---|---|
| TD BANK, N.A., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| WATKINS AUTOMOBILES, INC., et. al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendants' "Motion to Dismiss … or in the Alternative to Abstain …" (document #10), as well as the parties' briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion be <u>granted</u> in the alternative as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action arises from three proceedings to foreclose on deeds of trust executed in 2007 by Defendant Charles Watkins Automobiles and secured by personal guarantees of Defendants Charles and Jacqueline Watkins. The Watkins are married. The parties entered into multiple modification, extension, and forbearance agreements that ultimately extended the maturity dates of the loans to December 2, 2013. When the loans matured, the parties unsuccessfully attempted

workout negotiations. On October 17, 2014, Plaintiff, as successor in interest to Carolina First Bank, filed three foreclosure actions in the Rutherford County Superior Court against Defendants as well as non-party Church Street Station, L.L.C..

The foreclosure hearings were scheduled for October 30, 2014. The Clerk of Superior Court granted Defendants a continuance to December 8, 2014.

On December 8, 2014, Mrs. Watkins filed an application to have a guardian ad litem appointed for her husband due to his diminished mental capacity. The Clerk appointed attorney Mark Morris to act as guardian ad litem for Mr. Watkins and continued the foreclosure hearings to January 8, 2015.

On December 19, 2014 the Clerk entered an Order naming Mrs. Watkins as interim guardian for Mr. Watkins with an expiration date of January 15, 2015.

Also on December 19, 2014, Plaintiff filed this action based upon diversity of citizenship seeking to enforce the promissory notes and guarantees that are the subject of the state foreclosure proceedings.

On January 8, 2015 the Clerk entered an Order of Foreclosure in each of the three foreclosure actions. Plaintiffs entered their notice of appeal in each case. Hearings on the appeals were set for February 11, 2015.

On February 10, 2015, Defendants filed a Complaint and Motion for Preliminary Injunction in state court seeking to enjoin the sale of their property until the allegations in their Complaint were adjudicated. The hearing on the preliminary injunction was set for March 23, 2015. The Complaint alleges state law claims as well as equitable defenses to the foreclosures based upon breach of the duty of good faith and fair dealing, fraud, negligent misrepresentation, breach of contract, breach of the duty of confidentiality, unfair and deceptive trade practices and

prima facie tort.  The essence of these claims and defenses is that Plaintiff (or its predecessor in interest) entered into the loans, deeds of trust, guarantees, and other written agreements with Mr. Watkins during a time that they knew he lacked capacity.  The parties agree that North Carolina law does not allow Defendants to assert their claims and equitable defenses in the foreclosure actions.  Foreclosure of Deed of Trust Executed by Godwin, 468 S.E.2d 811, 812 (N.C. App. 1993) ("equitable defenses to foreclosure may not be raised in a hearing or appeal pursuant to G.S. section 45-21.16 but must be raised in an action to enjoin the foreclosure pursuant G.S. section 45-21.34").

On March 6, 2015, Plaintiff filed a Motion to Dismiss Defendants' state court action. Defendant contends that these matters should be deemed compulsory counterclaims in the federal case.

On April 8, 2015, Defendants filed their Motion to Dismiss, arguing that the Court should abstain from exercising jurisdiction in accord with Colorado River Water Conservation District. United State Akin v. United States, 424 U.S. 800 (1976) ("Colorado River doctrine").

On June 8, 2015, Superior Court Judge J. Thomas Davis stayed the foreclosure proceedings and Defendants' state court action through July 2, 2015, pending the outcome of Defendants' Motion to Dismiss here.  See document #15-1.

Plaintiff concedes that the primary parties, facts, and issues are "the same" or "identical" as between the federal and state litigation.  See document #12 at 1 and 3.  Despite initiating foreclosure proceedings more than two months earlier, Plaintiff characterizes this action as the "prior pending action" and Defendants' state action as the "later-filed lawsuit."  Id. at 2

## II. DISCUSSION OF CLAIMS

The Fourth Circuit Court of Appeals recently summarized the Colorado River doctrine as follows:

> In Colorado River, the Supreme Court held that a federal court may abstain from deciding non-frivolous, nondeclaratory claims in favor of a parallel state suit for reasons of "wise judicial administration"—but only in "exceptional" circumstances. 424 U.S. at 818, 96 S.Ct. 1236. The Court explained that a federal court's "virtually unflagging obligation" to decide such federal claims rendered its authority to stay a federal action for these administrative reasons "considerably more limited than the circumstances appropriate for abstention" under other abstention standards. Id. at 817–18, 96 S.Ct. 1236; see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Thus, a court must apply Colorado River abstention "parsimoniously." Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 463 (4th Cir.2005). Even if a parallel state court suit exists, in deciding whether to abstain for that reason, a court must balance several factors, "with the balance heavily weighted in favor of the exercise of [federal] jurisdiction." Moses H. Cone Mem'l Hosp., 460 U.S. at 16, 103 S.Ct. 927.

Von Rosenberg v. Lawrence, 2015 WL 1431642, at *2-3 (4th Cir.2015). See also Microban Products Co. v. Microban Canada Inc., No. 3:10CV50-RLV-DSC, 2010 WL 5644785, at *2 (W.D.N.C. June 15, 2010) ("[f]ederal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not") memorandum and recommendation adopted, No. 3:10-CV-50, 2011 WL 251209 (W.D.N.C. Jan. 26, 2011).

The threshold issue under Colorado River is whether there are parallel federal and state suits. New Beckley Mining Corp. v. Int'l Union, UMWA, 946 F.2d 1072, 1073 (4th Cir.1991). "[S]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." Great American Insurance Co. v. Gross, 468 F.3d 199, 208 (4th Cir. 2006) (citing Chase Brexton Health Services, Inc. v. Maryland, 411 F.3d 467, 464 (4th Cir. 2005)).

If the court determines that parallel suits exist, then it must carefully consider several factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone, 460 U.S. at 16, 103 S.Ct. 927. Although the prescribed analysis is not a "hard and fast" one where a "checklist" dictates the outcome, six factors have been identified for consideration: (1) whether the subject matter of the litigation involves property where the first court may assume in

4

rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights. Chase Brexton Health Services, Inc., 411 F.3d at 463-64.

Applying those principles to the record here, the Court concludes as an initial matter that the federal and state actions are parallel. As Plaintiff concedes in its brief, the primary parties, facts, and issues are "the same" or "identical" as between the federal and state litigation. See document #12 at 1 and 3. The issues in the federal action arise directly out of the loan transactions that form the basis of the foreclosures. The allegations in the state court Complaint are the same as those Defendants will make in this case in defense of liability on the notes and guarantees. In applying the Colorado River doctrine to a similar case, the United States District Court for the Southern District of Ohio held that "it cannot be seriously denied that the state foreclosure action is a 'parallel proceeding' to this one. In the foreclosure action, Wells Fargo is seeking to enforce the note and mortgage that plaintiff is trying to rescind." Blake v. Wells Fargo Bank, NA, Case No. 2:12-cv-467, at *5 (S.D. Ohio 2013).

The Court concludes that the Colorado River doctrine factors favor abstention here. Plaintiff insists that its federal action was the first lawsuit filed. However, it is clear that the Rutherford County Superior Court acquired jurisdiction first when Plaintiff initiated the foreclosure proceedings. As a result, a North Carolina court first assumed jurisdiction over the subject property. The first and fourth factors therefore favor abstention. Blake v. Wells Fargo at 6 ("most significantly the Ohio state court has assumed jurisdiction of the property, satisfying arguable the most important factor given the subject matter of this litigation").

5

The second factor – convenience – also favors abstention. It is undisputed that Mr. Watkins suffers from dementia and is dependent on his wife. Travel to the Rutherford County Courthouse will be more convenient than travel to the United States Courthouse in Asheville.

Avoiding piecemeal litigation, the third factor, also favors abstention. Litigating the validity of the notes and guarantees in federal court while the foreclosure of the deeds of trust proceeds in state court is piecemeal litigation that creates the possibility of inconsistent findings and results.

The fifth and sixth factors also favor abstention. The resolution of all claims and defenses rests upon state law. Plaintiff concedes that while it prefers to proceed in federal court, its rights will be protected adequately in state court. Document #12 at 10. Standing alone, these two factors would not justify abstention. Gannett Co. v. Clark Const. Grp., Inc., 286 F.3d 737, 747 (4th Cir. 2002) ("in a diversity case, such as this one, federal courts regularly grapple with questions of state law, and abstention on the basis of the presence of state law, without more, would undermine diversity jurisdiction"). Here Plaintiff initially chose the state forum and all of the Colorado River factors favor abstention. Accordingly, the undersigned respectfully recommends that Defendants' Motion be granted in the alternative and that this matter be stayed pending resolution of the proceedings in state court.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that

6

Defendant's "Motion to Dismiss … or in the Alternative to Abstain …" (document #10) be **GRANTED** in the alternative and that this matter be **STAYED** pending the outcome of the parallel State proceedings.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel; <u>and to the Honorable Martin Reidinger.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: June 22, 2015

David S. Cayer
United States Magistrate Judge